UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: JUDGE: |
| Plaintiff, | ) ) | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| vs. | ) ) | |
| GLP CAPITAL, L.P., | ) ) | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in |
| & | ) ) | Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), |
| CENTRAL OHIO GAMING VENTURES, LLC, | ) ) ) | 42 U.S.C. §§ 12181 *et seq.* |
| Defendants. | ) ) | **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Revised Code 4112.02, *et seq.* |
| | ) ) ) | |
| | ) ) | **3RD CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in |
| | ) ) | Violation of Ohio Administrative Code 4101:1-11, *et seq.* |

Plaintiff SPENCER NEAL, on behalf of himself and all other similarly situated persons with mobility disabilities, hereby Complains of Defendants GLP CAPITAL, L.P. and CENTRAL OHIO GAMING VENTURES, LLC, and alleges as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff NEAL is a member of, for failure to remove architectural barriers structural in nature at Defendants' HOLLYWOOD CASINO, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. NEAL, on behalf of himself and all others similarly situated, seeks injunctive relief and damages

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

2.    NEAL is a person with physical disabilities who, on or about January 30, 2020 and August 19, 2020, was an invitee, guest, patron, or customer at HOLLYWOOD CASINO, in the City of Columbus, Ohio. At said time and place, Defendants failed to provide proper legal access to HOLLYWOOD CASINO, which is a place of public accommodation and/or a public facility. The denial of access was in violation of both federal and Ohio legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.    **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

4.    **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 200 Georgesville Road, in the City of Columbus, County of Franklin, State of Ohio and that NEAL's causes of action arose in this district.

**PARTIES:**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

5.       NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) NEAL is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

6.       Defendant GLP CAPITAL, L.P., a Pennsylvania limited partnership, is the owner and/or operator, lessor and/or lessee, or agents of the owners, lessors and/or lessees, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by HOLLYWOOD CASINO, a public accommodation, located at/near 200 Georgesville Road, Columbus, Ohio, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.       Defendant CENTRAL OHIO GAMING VENTURES, LLC, an Ohio limited liability company, is the owner and/or operator, lessor and/or lessee, or agents of the owners, lessors and/or lessees, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by HOLLYWOOD CASINO, a public accommodation, located at/near 200 Georgesville Road, Columbus, Ohio, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

8.   At all times relevant to this complaint, Defendants are the lessees, or agents of the lessees, and/or lessors, of said premises, a public facility at/near 200 Georgesville Road, Columbus, Ohio. The business is open to the general public and it conducts business therein. The business that operates on said premises is a public accommodations subject to the requirements of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

9.   At all times relevant to this complaint, Defendants are the landlords/lessors, tenants/lessees and the owners and operators of the subject facilities, public accommodations located at/near 200 Georgesville Road, Columbus, Ohio. As such, Defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201**     **General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendants are the entities that own, lease (or leases to), or operate HOLLYWOOD CASINO, a casino facility, located at/near 200 Georgesville Road, Columbus, Ohio. HOLLYWOOD CASINO and each of its facilities are places "of public accommodation" subject

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"),

42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative

Code § 4101:1-11, *et sec.*

11. On information and belief, said facility has undergone "construction, alterations,

structural repairs and additions," each of which has subjected HOLLYWOOD CASINO to

handicapped access requirements. As the facility was constructed in or around 2012,

HOLLYWOOD CASINO is subject to the mandatory requirements of the 2010 Americans with

Disability Act Standards.

12. NEAL is a person with a disability. NEAL is a "physically disabled person,"

as defined by all applicable Ohio and United States laws. NEAL is a paraplegic and requires the

use of a wheelchair for mobility and to travel in public.

13. At all times referred to herein and continuing to the present time, Defendants

advertised, publicized and held out HOLLYWOOD CASINO as being handicapped accessible

and handicapped usable.

14. On or about January 30, 2020 and August 19, 2020, NEAL was an invitee and guest

at the subject casino, arriving for purposes of entertainment.

15. Upon his arrival, during his patronizing of the public accommodations, and upon his

exit of the facilities, NEAL personally encountered architectural barriers which denied him the

full and equal access to the property.

16. Therefore, at said time and place, NEAL, a person with a disability, encountered

the following inaccessible elements of the subject facilities which constituted architectural

barriers and a denial of the proper and legally required access to a public accommodation to

persons with physical disabilities. By way of example and not as an exhaustive inventory of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

Defendant's violations, the following barriers to access were personally encountered by NEAL:

***PARKING LOT***

A.  *In the parking lot, the walking surface is obstructed. A 36 inch minimum clear walking surface is required in violation of 2010 ADAS Section: 403.5.1 and 2009 ANSI A117.1 Section: 403.5.*

B.  *In the parking lot, the motorcycle projects more than 4 inches into the circulation path in violation of 2010 ADAS Section: 307.2 and 2009 ANSI A117.1 Section: 307.2.*

C.  *In the parking lot, the cross slope (short dimension) of the 1st access aisle exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

D.  *In the parking lot, the cross slope (narrow dimension) of the 1st parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

E.  *In the parking lot, the cross slope (short dimension) of the 2nd access aisle exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

F.  *In the parking lot, the cross slope (narrow dimension) of the 2nd parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

G.  *In the parking lot, the cross slope (short dimension) of the 4th access aisle exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

H.  *In the parking lot, the cross slope (narrow dimension) of the 3rd parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

I.  *In the parking lot, the access aisles contain abrupt edges and surface irregularities over a 1/4 inches.*

J.  *In the parking lot, parked vehicles shall not reduce the required width of the accessible route in violation of 2010 ADAS Section: 502.7 and 2009 ANSI A117.1 Section: 502.8.*

***ACCESSIBLE ROUTE***

K.  *At the accessible route, the walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2 and 2009 ANSI A117.1 Section: 303.3, 303.2.*

***GARAGE ENTRY***

L.  *At the garage entry, the floor mats are not secured in place at the entry doors in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.*

M. *At the garage entry, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

**CASHIERS**

N. *At the cashiers, compliant knee and/or toe space is not provided in violation of 2010 ADAS Section: 306.1 and 2009 ANSI A117.1 Section: 306.1.*

O. *At the cashiers, accessible counters are not provided for all the different types of sales and service counters available in violation of 2010 ADAS Section: 227.3.*

**FINAL CUT**

P. *At the Final Cut, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.*

Q. *At the Final Cut, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

R. *At the Final Cut, the men's restroom door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

S. *At the Final Cut, the compartment stall is not compliant in violation of 2010 ADAS Section: 603.1 and 2009 ANSI A117.1 Section: 603.1.*

T. *At the Final Cut, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 2009 ANSI A117.1 Section: 606.6, 1003.12.4.4.*

U. *At the Final Cut, there are no accessible bar dining surfaces in violation of 2010 ADAS Section: 226.1.*

V. *At the Final Cut, the top of the dining surface is not within the compliant height range in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4, 902.5.2.*

W. *At the Final Cut, the bar does not have a low seating space in violation of 2010 ADAS Section: 226.1.*

X. *At the Final Cut, the guest reception counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 2009 ANSI A117.1 Section: 904.3.*

**DRINKS BY THE FINAL CUT**

Y. *At Drinks by the the Final Cut, The fountain controls, lids and cups are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

Z. *At Drinks by the Final Cut, the floor mat is not secured in place at the drinks station in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.*

## SLOT MACHINES

AA. *At the Slot Machines, the slot machines by Final Cut are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

BB. *At the Slot Machines, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

CC. *At the Slot Machines, the slot machines by Epic Buffet are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

DD. *At the Slot Machines, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

EE. *At the Slot Machines, the outdoor slot machines are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

FF. *At the Slot Machines, the doubles slot machines are not accessible because there is not adequate clear floor space for either a forward or side approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.*

## MENS SOUTH ENTRANCE RESTROOM

GG. *At the Mens South Entrance Restroom, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2 and 2009 ANSI A117.1 Section: 604.2.*

HH. *At the Mens South Entrance Restroom, the water closet compartment door is missing a loop handle on the inside in violation of 2010 ADAS Section: 604.8.1.2 and 2009 ANSI A117.1 Section: 604.9.3.*

II. *At the Mens South Entrance Restroom, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 2009 ANSI A117.1 Section: 308.2.1.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

JJ. *At the Mens South Entrance Restroom, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.*

KK. *At the Mens South Entrance Restroom, the compartment door is not self closing in violation of 2010 ADAS Section: 604.8.1.2 and 2009 ANSI A117.1 Section: 604.9.3.*

**ZEN NOODLE**

LL. *At the Zen Noodle, the drink fountain is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

MM. *At the Zen Noodle, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

NN. *At the Zen Noodle, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.*

**TABLE CARD GAMES AND ROULETTE**

OO. *At the table card games and roulette the work surface is not within the allowable range in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4, 902.5.2.*

PP. *At the table card games and roulette compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

QQ. *At the table card games and roulette the work surface is not within the allowable range in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4, 902.5.2.*

**EPIC BUFFET**

RR. *At the Epic Buffet the transaction counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 2009 ANSI A117.1 Section: 904.3.*

**GENERAL**

SS. *The hand sanitizer is not accessible because it is located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

TT. *The money machines are too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

### MENS RESTROOM SOUTHWEST OF MAIN ENTRANCE

UU. *At the Men's Restroom Southwest of Main Entrance, the restroom wall sign is mounted too high in violation of 2010 ADAS Section: 703.4.1 and 2009 ANSI A117.1 Section: 703.3.10.*

VV. *At the Men's Restroom Southwest of Main Entrance, the toilet paper in the Type B stall is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.*

WW. *At the Men's Restroom Southwest of Main Entrance, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.*

### MENS RESTROOM BY EPIC BUFFET

XX. *At the Men's Restroom at the Epic Buffet, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 2009 ANSI A117.1 Section: 308.2.1.*

YY. *At the Men's Restroom at the Epic Buffet, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.*

ZZ. *At the Men's Restroom at the Epic Buffet, a compliant room identification sign is missing on the strike side of the door in violation of 2010 ADAS Section: 216.2 and 2009 ANSI A117.1 Section: 703.1.1.*

### MENS RESTROOM BY THE EVENT CENTER

AAA. *At the Men's Restroom by the Event Center, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.*

BBB. *At the Men's Restroom by the Event Center, a compliant room identification sign is missing on the strike side of the door in violation of 2010 ADAS Section: 216.2 and 2009 ANSI A117.1 Section: 703.1.1.*

### MENS RESTROOM BETWEEN GAMING AND SMOKING

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

CCC.     At the Men's Restroom between the gaming and smoking, a compliant room identification sign is missing on the strike side of the door in violation of 2010 ADAS Section: 216.2 and 2009 ANSI A117.1 Section: 703.1.1.

DDD.     At the Men's Restroom between the gaming and smoking, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.

**DRINKS BY EVENT CENTER**

EEE.     At the drinks by the event center, the hand sanitizer is not accessible because it is located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.

FFF.     At the drinks by the event center, the drink fountain is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

**POKER AREA**

GGG.     At the Poker Area, the transaction counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 2009 ANSI A117.1 Section: 904.3.

**DRINKS BY POKER AREA**

HHH.     At the drinks by the Poker area, the drink fountain is too high and is out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

III. At the drinks by the poker area, the floor mat is not secured in place at the drinks counter in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.

JJJ. At the drinks by the poker area, the additional floor mat is not secured in place at the drinks counter in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.

**ELECTRONIC GAMING**

KKK.     At the electronic gaming area, the table top gaming work surface is not within the allowable range in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4, 902.5.2.

LLL.     At the electronic gaming area, the maximum allowable reach cannot be obtained because the knee clearance is obstructed in violation of 2010 ADAS Section: 306.3.3 and 2009 ANSI A117.1 Section: 306.3.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

MMM.     *At the electronic gaming area, the table top gaming is out of reach range because the depth of the obstruction is greater than 25 inches in violation of 2010 ADAS Section: 308.2.2 and 2009 ANSI A117.1 Section: 308.2.2.*

## HIGH LIMIT

NNN.     *At the high limit area, the work surface is not within the allowable range in violation of 2010 ADAS Section: 902.3 and 2009 ANSI A117.1 Section: 902.4, 902.5.2.*

OOO.     *At the high limit area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

PPP.     *At the raised bar area, the ramp's slope exceeds the maximum running slope (direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 405.2 and 2009 ANSI A117.1 Section: 405.2.*

## RAISED BAR AREAS

QQQ.     *At the raised bar areas, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.*

RRR.     *At the raised bar areas, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

SSS.     *At the raised bar areas, the bar low seating space does not have accessible knee and toe clearance in violation of 2010 ADAS Section: 226.1.*

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

17. The discriminatory violations described in ¶ 16 are not an exclusive list of the Defendants' violations. NEAL requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

18. At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply

with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

19. As a legal result of Defendants' failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to NEAL and other persons with disabilities, NEAL suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. NEAL is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendants. Defendants maintained a public establishment without access for persons with physical disabilities as stated herein, and continue as of the date of filing this complaint to deny equal access to NEAL and other persons with physical disabilities in these and other ways.

22. On information and belief, construction and/or alterations carried out by Defendants have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio

Administrative Code §4101:1-11, *et sec.*

23. NEAL, as described herein below, seeks injunctive relief to require HOLLYWOOD CASINO to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendants operate and/or lease HOLLYWOOD CASINO as a public facility. NEAL seeks damages for violation of his civil rights, from January 30, 2020 until such date as Defendant brings the establishment into full compliance with the requirements of Ohio and federal law.

24. On information and belief, Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

25. Because of Defendants' violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facilities are in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. NEAL seeks an order from this court compelling Defendants to make HOLLWOOD CASINO accessible to persons with disabilities.

26. On information and belief, Defendants have intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements. The acts and omissions of Defendants in failing to provide the required accessible public facilities at the time of NEAL's visit and injuries, indicate actual and implied malice towards NEAL, and despicable conduct carried out by Defendants with a willful and conscious disregard for the rights and safety of NEAL and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more

profound example of Defendants to other operators of other establishments and other public facilities, and to punish Defendants and to carry out the purposes of § 2315.21.

27. NEAL is informed and believes and therefore alleges that Defendants caused the subject facility to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building of Defendants and were denied full and equal use of said public facilities. Further, on information and belief, Defendants have continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendants that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as NEAL and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

28. On information and belief, the subject public facilities and building(s) of HOLLYWOOD CASINO denied full and equal access to NEAL and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

29. On personal knowledge, information and belief, the basis of Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting HOLLYWOOD CASINO was in violation of the civil rights of persons with physical disabilities, such as NEAL, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendants obtained from governmental agencies upon modification, improvement, or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

substantial repair of the subject premises and other properties owned by Defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendants' failure, under state and federal law, to make the establishment accessible is further evidence of Defendants' conscious disregard for the rights of NEAL and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendants are within Defendants' exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on NEAL and other persons with physical disabilities due to the lack of accessible facilities, Defendants knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for NEAL and other persons with physical disabilities to the establishment. Said Defendants have continued such practices, in conscious disregard for the rights of NEAL and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants have further actual knowledge of the architectural barriers referred to herein by virtue of the notices addressed to the Defendants, which are discussed below. Said conduct, with knowledge of the effect it was and is having on NEAL and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of NEAL and of other similarly situated persons, justifying the imposition of punitive damages.

30. Punitive Damages -- Defendants, at times prior to and including January 30, 2020, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendants failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by NEAL and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

other similarly situated persons with disabilities, including the specific notice referred to in this complaint. Defendants have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make HOLLYWOOD CASINO accessible pursuant to the Americans with Disabilities Act and Ohio law. Such actions and continuing course of conduct by Defendants evidence despicable conduct in conscious disregard for the rights or safety of NEAL and of other similarly situated persons, justifying an award of punitive damages.

31. Defendants' actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as NEAL and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendants' refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of NEAL and other members of the public with physical disabilities.

32. NEAL prays for an award of punitive damages against Defendants in an amount sufficient to make a more profound example of Defendants and discourage owners and operators of other establishments, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiff does not know the financial worth of Defendants and seeks leave to amend this complaint when such facts are known.

33. NEAL will return to HOLLYWOOD CASINO, because he enjoys the casino, the entertainment, the food and drinks, the location, and the atmosphere therein, if the facility is

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

made fully accessible to a disabled person in a wheelchair, and to also avail himself of the casino's services. Furthermore, NEAL intends to return to the facility as an ADA tester to ascertain whether Defendants removed the barriers to access which are the subject of this litigation.

**CLASS ALLEGATIONS**

34. Plaintiff SPENCER NEAL brings this action on behalf of himself and all persons similarly situated and seeks class certification pursuant to Federal Rule of Civil Procedure 23 as set forth below.

35. **Class Definitions**. The two classes that Plaintiff seeks to represent are comprised of the following. The first class of persons seeks statutory damages under Ohio Revised Code Chapter 4112, *et seq.,* and is defined as follows: **All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who have utilized or attempted to utilize any form of gaming, entertainment, service, or amenity at HOLLYWOOD CASINO and who have been denied equal access to the casino's facilities, services, amenities, and privileges since January 30, 2020 through the conclusion of this action.**

36. The second class of persons seeks declaratory and injunctive relief, and is defined as follows: **All persons with mobility disabilities who use wheelchairs, scooters or other mobility aids who will attempt to utilize the amenities at HOLLYWOOD CASINO and who will be denied equal access to the facilities, services, amenities, and privileges since January 30, 2020 through the conclusion of this action.**

37. Excluded from the above-referenced class definitions are the officers, directors, and employees of Defendants, and any of Defendants' shareholders or other persons who hold a financial interest in Defendants. Also excluded is any judge assigned to hear this case (or any

spouse or family member of any assigned judge), or any juror selected to hear this case.

38. This action is brought as a class action and may properly be so maintained pursuant to Federal Rule of Civil Procedure 23 and applicable case law. In addition to declaratory and injunctive relief, this action seeks class wide damages pursuant to Ohio Revised Code Chapter 4112 in the amount of $4,000 per violation per occurrence based on Defendants' wrongful policy and practice of failing to provide full and equal access to the casino as alleged herein. This action does not seek class recovery for actual damages, personal injuries or emotional distress that may have been caused by Defendants' conduct alleged herein. The named Plaintiff seeks compensatory damages for himself individually.

39. **Impracticability of Joinder (Numerosity of the Class)**. The members of the proposed classes are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action is a benefit both to the parties and to this Court. On information and belief, the number of persons in this case exceeds 1,000 persons. The number of persons in the class and their identities and contact information may be ascertained from Defendants' records.

40. **Questions of Fact and Law Common to the Class**. All members of the classes have been and continue to be denied their civil rights to full and equal access to, and use and enjoyment of, the services and facilities operated by the Defendants because of the violations of disability nondiscrimination laws alleged herein. There are numerous questions of law and fact common to the class, including, but not limited to, the following:

    a. Whether Defendant GLP CAPITAL, L.P. is the owner, operator or lessor of a public accommodation within the meaning of Title III of the ADA;

    b. Whether Defendant CENTRAL OHIO GAMING VENTURES, LLC is the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

owner, operator or lessor of a public accommodation within the meaning of Title III of the ADA;

c.  Whether Defendants' establishment is a place of public accommodations within the meaning of Chapter 4112 of the Ohio Revised Code.

d.  Whether Defendants constructed HOLLYWOOD CASINO and its related facilities after March 15, 2012;

e.  Whether HOLLYWOOD CASINO's facility complies with the 2010 ADA Standards for Accessible Design;

f.  Whether HOLLYWOOD CASINO's facility complies with Ohio Building Code and 2009 ANSI A117.1 as it pertains to disability access;

g.  Whether Defendants are violating Ohio Revised Code Chapter 4112, et seq., by failing to provide full and equal access to people with mobility disabilities;

h.  Whether Defendants are violating the Americans with Disabilities Act, Title III, et seq., by failing to provide full and equal access to people with mobility disabilities;

i.  Whether Defendants, by their actions and omissions alleged herein, have engaged in a pattern and practice of discriminating against Plaintiff and other persons with mobility disabilities in violation of applicable state and federal disability civil rights laws;

j.  Whether the Plaintiff and the members of the putative classes are entitled to damages, and the nature of such damages; and,

k.  Whether the Plaintiff and the members of the putative classes are entitled to declaratory and/or injunctive relief, and the nature of such relief.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

41. **Typicality**. The claims of the named Plaintiff is typical of those of the class. Plaintiff's claims are typical of the claims of the proposed class in the following ways: 1) Plaintiff is a member of the proposed class; 2) Plaintiff's claims arise from the same physical barriers, procedures, practices and course of conduct on the part of Defendants; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the proposed class and involve similar factual circumstances; 4) the injuries suffered by the named Plaintiff is similar to the injuries suffered by the proposed class members; and 5) the relief sought herein will benefit the named Plaintiff and all class members alike. The claims of Plaintiff are typical of those of the proposed class of persons with mobility disabilities.

42. **Adequacy**. The named Plaintiff will fairly and adequately represent the interests of the respective classes. The named Plaintiff has no interests adverse to the interests of other members of the proposed classes, and has retained counsel who is competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

43. **Predominance**. With respect to Plaintiff's claims under the ADA and Ohio Revised Code Chapter 4112, et seq., class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members of the proposed classes.

44. **Superiority**. A class action is superior to other methods for the fair and efficient adjudication of this controversy because, inter alia: 1) individual claims by the class members would be impracticable because the costs of pursuit of such claims would far exceed what any individual class member has at stake; 2) relatively little individual litigation has been commenced over the controversies alleged in this Complaint and individual class members are unlikely to have an interest in separately prosecuting and controlling individual actions; 3) the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; 4) the proposed class is manageable, and no difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action; 5) the proposed class members are readily identifiable from Defendants' own records; and 6) prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

45. **The Class Meets the Requirements of Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted and refused to act on grounds generally applicable to the class, making the declaratory and injunctive relief sought on behalf of the class as a whole appropriate.

46. Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue in their illegal course of conduct which will result in further damages and injuries to the Plaintiffs and the proposed classes.

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

47.    NEAL pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

49.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

50.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(B) an entertainment facility, bar, or other establishment serving food or drink;

42  U.S.C. §12181(7)(B).

51.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 23

52. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendants set forth herein were in violation of NEAL's rights under the ADA, 42.

U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §

4101:1-11, *et sec.*, making available damage remedies.

53. The removal of the barriers complained of by NEAL as hereinabove alleged

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 24

was at all times after January 26, 1992, making compliance with the ADA mandatory. Construction work on, and modifications of, the subject building(s) of HOLLYWOOD CASINO occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

54. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, NEAL is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. NEAL cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

55. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, NEAL has not returned to Defendants' premises since on or about August 19, 2020, but on information and belief, alleges that Defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

56. NEAL seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 25

granting injunctive relief and attorneys' fees. NEAL will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

57.    NEAL seeks damages pursuant to Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.

58.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59.    At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

It shall be an unlawful discriminatory practice:

(G)    For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

60.    HOLLYWOOD CASINO is a place of public accommodation pursuant to Ohio Revised Code § 4112.01(A).

61.    Defendants committed an unlawful act pursuant to Ohio Revised Code § 4112.02(G) by denying NEAL the full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, NEAL had great difficulty due to extensive barriers for patrons confined to wheelchairs.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 26

62.     Pursuant to Ohio Revised Code § 4112.99, NEAL is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

63.     A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendants acted or failed to act and/or knowingly and willfully failed and refused to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of HOLLYWOOD CASINO. NEAL has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, NEAL is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

64.     On January 30, 2020 and August 19, 2020, NEAL suffered violations of Ohio Revised Code § 4112.02(G) in that NEAL was denied access to the facilities as stated herein and on the basis that NEAL was a person with physical disabilities.

65.     As a result of the denial of equal access to Defendants' facility due to the acts and omissions of Defendants in owning, operating and maintaining these subject public facilities, NEAL suffered violations of his civil rights, as well as suffering from personal injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

66.     NEAL has been damaged by Defendants' wrongful conduct and seeks the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 27

relief that is afforded by Ohio Revised Code § 4112 for violation of his rights as a person, including statutory damages according to proof.

67. As a result of Defendants' acts and omissions in this regard, NEAL has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, NEAL therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq*.**

68. NEAL repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 67 of this complaint.

69. Ohio Administrative Code (hereinafter "O.A.C.") § 4101:1-11 controls the design and construction of facilities for accessibility for individuals with disabilities.

70. Sites, buildings, structures, facilities, elements and spaces, temporary or permanent, shall be accessible to individuals with disabilities. O.A.C. § 1103.1.

71. HOLLYWOOD CASINO, being a site, building, structure, facility, element or space, committed an unlawful act pursuant to O.A.C. §§ 1104.1 and 1109.1 by failing to make accessible its spaces as identified above.

72. Defendants' violations denied NEAL full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, NEAL had difficulty entering the property due to extensive barriers for patrons confined to wheelchairs on the accessible route.

73. As a result of these violations, NEAL is entitled to compensatory and punitive

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 28

damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

74.     A separate act in violation of Ohio Administrative Code § 4101:1-11, *et seq.* has been committed each day that Defendants acted or failed to act and/or knowingly and willfully failed and refused to make accessible its site for physically disabled persons presently existing at the subject facilities. NEAL has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, NEAL is entitled to seek appropriate relief, such as damages.

75.     As a result of Defendants' accessibility violations, NEAL suffered violations of his civil rights, as well as suffering from personal injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

76.     NEAL has been damaged by Defendants' wrongful conduct and seeks relief for violation of the O.A.C., including actual and special damages according to proof.

77.     As a result of Defendants' acts and omissions in this regard, NEAL has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. NEAL therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 29

Wherefore, Plaintiff SPENCER NEAL prays for relief and damages as hereinafter stated.

**O.R.C. 4112.16 NOTICE OF VIOLATION OF ACCESSIBILITY LAW**

78.     Pursuant to O.R.C. 4112.16 Notice of Violation of Accessibility Law, prior to filing a civil action alleging violation of State of Ohio accessibility law, the alleged aggrieved party *may* notify the owner, agent, or other responsible party, by personal service or by certified mail, of alleged accessibility law violations.

79.     On October 7, 2020, Plaintiff served upon Defendant GLP CAPITAL, L.P.'s statutory agent a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16.

80.     On November 12, 2020, Plaintiff served upon Defendant CENTRAL OHIO GAMING VENTURES, LLC's statutory agent a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16.

81.     Defendant GLP CAPITAL, L.P.'s statutory response deadline in which to serve Plaintiff with its response was October 29, 2020.

82.     Defendant GLP CAPITAL, L.P. failed to serve a response upon Plaintiff or his counsel within 15 business days of receiving the O.R.C. 4112.16 Notice.

83.     Defendant CENTRAL OHIO GAMING VENTURES, LLC responded to Plaintiff's Notice in time, however its response was not in accordance with the mandates of O.R.C. 4112.16; remediating barriers to access based on whether they are readily achievable is not a proper response under the statute.

84.     Due to Defendants' failure to respond in accordance with the statute, Plaintiff may commence his lawsuit for violations of State of Ohio accessibility laws.

85.     Due to Defendants' failure to respond in accordance with the statute, Plaintiff, if deemed the prevailing party, shall recover reasonable attorney's fees, in addition to any other

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 30

remedies available to the plaintiff.

Wherefore, Plaintiff SPENCER NEAL prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, NEAL prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendants to make HOLLYWOOD CASINO readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if NEAL is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.***

4.     For injunctive relief, compelling Defendants to make HOLLYWOOD CASINO readily accessible to and usable by individuals with disabilities, per state law.

5.     General and compensatory damages according to proof;

6.     All damages for each day, from the inception of the filing of this complaint, on which Defendants have failed to remove barriers which denied NEAL and other persons with disabilities full and equal access.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 31

7.  Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if NEAL is deemed the prevailing party;

8.  Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9.  For all costs of suit;

10.  Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11.  Such other and further relief as the court may deem just and proper.

**III.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11,** *et seq.*

12.  For injunctive relief, compelling Defendants to make HOLLYWOOD CASINO readily accessible to and usable by individuals with disabilities, per state law.

13.  General and compensatory damages according to proof;

14.  All damages for each day, from the inception of the filing of this complaint, on which Defendants have failed to remove barriers which denied NEAL and other persons with disabilities full and equal access.

15.  Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if NEAL is deemed the prevailing party;

16.  Punitive damages, pursuant to Ohio Revised Code § 2315.21;

17.  For all costs of suit;

18.  Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

19.  Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 32

COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff SPENCER NEAL

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 33